**Charles Leroy MILLEDGE,**
**Plaintiff–Appellant,**

v.

**Ron McCALL, Chief of Security,**
**Defendant–Appellee,**

and

**Sergeant Factor; Mark McKinna, Warden; Montano, Correctional Officer; Sergeant Medina; Jack Sexton, Deputy Warden; Mondragon, Correctional Officer; John Doe (1); John Doe (7); Jane Doe (1), (2), Defendants.**

No. 01–1417.

United States Court of Appeals,
Tenth Circuit.

July 22, 2002.

Before EBEL, LUCERO, and O'BRIEN, Circuit Judges.

---

## ORDER AND JUDGMENT \*

O'BRIEN, Circuit Judge.

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist in the determination of this appeal. *See* FED. R.APP. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is ordered submitted without oral argument.

Charles Leroy Milledge, a prisoner appearing *pro se*, filed an action for damages under 42 U.S.C. § 1983 against Ron McCall, a correctional officer of the Crowley County Correctional Facility located in Colorado. Mr. Milledge alleged Mr. McCall ordered him strip-searched in the presence of female correctional officers, thereby depriving him of constitutional rights and causing embarrassment. Reasoning that the Prison Litigation Reform Act prohibits prisoner suits that claim mental or emotional injury absent a prior showing of physical injury, the district court dismissed Mr. Milledge's complaint because no physical injury was alleged. 42 U.S.C. § 1997e(e). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Mr. Milledge's complaint contains numerous claims against Mr. McCall and others. Only Mr. McCall was served, and he moved to dismiss the complaint against him in accordance with FED.R.CIV.P. 12(b)(6) for failure to state a claim upon which relief could be granted. The district court dismissed all claims against Mr. McCall. By later order, claims against unserved parties were also dismissed but without prejudice.

This court reviews *de novo* a district court's grant of a motion to dismiss under

FED.R.CIV.P. 12(b)(6); all allegations contained in the complaint are considered in the light most favorable to the nonmoving party, and the motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir.2001). In this case, we compare the factual assertions to the relevant statute in order to determine if dismissal of the complaint was appropriate.

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). While Mr. Milledge never asserted that he was subjected to physical injury by the strip search, he now argues that the Prison Litigation Reform Act does not apply because he was incarcerated in a private correctional facility.

Apart from the fact that the language of 42 U.S.C. § 1997e(e) speaks in terms of a "jail, prison, or other correctional facility," thereby contemplating institutions such as private incarceration facilities, the paramount issue is not whether the institution is a "prison," but whether Mr. Milledge is a "prisoner" as defined by 42 U.S.C. § 1997e(h): "As used in this section, the term 'prisoner' means any person incarcerated or detained in *any facility* who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." (emphasis added).

▆▆▆ While the term "facility" is not defined in 42 U.S.C. § 1997e, its meaning is clarified in 42 U.S.C. § 1997(1)(A), a definitions section applicable to the entire subchapter: "The term 'institution' means any facility or institution ... which is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State ...." The Crowley County Correctional Facility provides services on behalf of the State of Colorado and also, at least in the case of Mr. Milledge, on behalf of the State of Wyoming. Therefore, Mr. Milledge is a prisoner lawfully held within a facility as defined by 42 U.S.C. § 1997e(h), and the terms of 42 U.S.C. § 1997e(e) consequently apply to his claim. As such, Mr. Milledge cannot pursue his claim for damages because no physical injury has been shown.

We take note of this court's earlier ruling that the limitations imposed by 42 U.S.C. § 1997e(e) do not bar a claim for injunctive or declaratory relief based only on emotional injury. *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 808 (10th Cir.1999). The court there liberally construed the pleadings to find an implicit claim for injunctive relief, and held that if a plaintiff's claim was barred by § 1997e(e), he may still seek redress of emotional injury through injunctive relief. Mr. Milledge does not expressly seek injunctive or declaratory relief, and no facts asserted in his complaint could reasonably support such a construction.

Likewise, a claim for nominal damages cannot be reasonably inferred from Mr. Milledge's complaint. While the United States Supreme Court has held that nominal damages are recoverable on a constitutional claim of deprivation of procedural due process without proof of actual injury, that holding is inapplicable here because procedural due process is not implicated, and even the most generous reading of Mr. Milledge's pleadings could not support a claim for nominal damages. *Carey v. Pi-*

*phus,* 435 U.S. 247, 266–67, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).

On the other hand, Mr. Milledge did pray for punitive damages; however, that claim must fail as well. While it is true that a "right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions …," a claim for punitive damages most certainly depends upon the merits of the claimant's substantive assertions and is subject to the physical injury requirement of 42 U.S.C. § 1997e(e). *Carey* at 266–67.

Additionally, the complaint contains numerous claims against others that may also include Mr. McCall by implication, but because those claims do not allege that Mr. Milledge acted as a participant, either directly or in a supervisory role, Mr. McCall was properly dismissed as to those claims. *Grimsley v. MacKay,* 93 F.3d 676, 679 (10th Cir.1996).

The court notes that after Mr. McCall filed his Answer Brief, Mr. Milledge filed an Amended Plaintiff–Appellant's Opening Brief. Putting substance over form, we regard it as a reply brief and allow it to be filed and considered even though untimely.

In his briefs, Mr. Milledge raises issues regarding an order from the district court dismissing unserved parties without prejudice. Significantly, that order was entered after Mr. Milledge had filed his Notice of Appeal. We will only consider the issue properly designated in Mr. Milledge's Notice of Appeal, i.e., the Order of Dismissal as to Ron McCall. The Federal Rules of Appellate Procedure require that the notice of appeal designate the judgment, order, or part thereof being appealed. Fᴇᴅ. R.Aᴘᴘ. P. 3(c)(1)(B). While the rules should be liberally construed, a no-

tice of appeal is ineffective as to orders entered subsequent to the filing of the notice. Because there is no notice of appeal or functional equivalent addressing the later order, this court is without jurisdiction to consider the order dismissing unserved parties. *Nolan v. United States Dep't of Justice,* 973 F.2d 843, 846–47 (10th Cir.1992).

The judgment of the district court dismissing the complaint against Ron McCall is **AFFIRMED**. Mr. Milledge's Motion to Proceed *in forma pauperis* is granted, and he shall be permitted and directed to make partial payments on fees and costs authorized by the court as specified in 28 U.S.C. § 1915.

---

[*] This order and judgment is not binding prece-

dent, except under the doctrines of res judica-